Irving H. Saypol, J.
Plaintiffs move for an order pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice striking out the complete defense and the partial defense. The action is in slander. The alleged slander is as follows: “The job * * * was illegal; I would have overpaid by $20,000.00. Frank Kalisch is a bastard and a crook. The job * * * was rigged ”,
In their complete defense the defendants allege that in September, 1959, the plaintiff corporation submitted to the defendant corporation plans and specifications and a bid for the proposed job. At that time it was agreed that the plans and specifications could be submitted to other contractors for the purpose of obtaining bids and the contract would be made with the plaintiff corporation if its bid was found to be fair and satisfactory. Bids were thus solicited and received and some approximated the bid of the plaintiff corporation and some were substantially lower. The bid made by the plaintiff corporation was not found to be fair and satisfactory. Upon investigation the defendant corporation learned that plaintiffs attempted to dissuade other contractors from competing with the plaintiff corporation on the job. The latter was informed on October 2, 1959 that the job had been awarded to another company.
On October 15, 1959, the date of the alleged slander, representatives of the plaintiff corporation appeared at the place of business of the defendant in an attempt to induce it to reconsider and to award the job to the plaintiff. In the course of a heated discussion the words uttered by the defendant Plofrichter were declared and explained by him at the time as having exclusive reference to the bid and having no reference to any crime, robbery or larceny, and were not intended by him to mean that the proposed job or bid was tainted with immorality or illegality or required that the plaintiff perform illegal services or commit a crime or perform an act of moral turpitude, and the words were understood by those present at the time as applying to the bid and not to any charge or crime against either plaintiff.
Since it is reasonable to infer from the alleged libelous words that the alleged rigging is the crux thereof, the allegations sufficiently set forth the complete defense of truth.
The allegations of the complete defense are realleged in the partial defense. The defendants further allege that at the time *19 of the discussion and dispute the defendants believed that the plaintiffs attempted to dissuade other contractors from competing with the plaintiff corporation on the job. Since the allegations tend to prove truth at least in some part, the partial defense should be permitted to stand.
The motion is denied.